IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELISSA SUE KING,

                Plaintiff,                          OPINION and ORDER

      v.                                            15-cv-257-wmc

ALLEN "RICK" MCGRAW, *et al.*,

                Defendants.

---

Plaintiff Melissa Sue King has filed this proposed civil action in which she accuses defendants Allen "Rick" McGraw, Wyleen McGraw, Lorna Garwood, Arnold D. Darnell, Janet M. Funmaker, and Barbara J. Funmaker of causing serious problems in the community generally and in King's life in particular, whether by dealing drugs, abusing King and her children, killing her pets, destroying her property, and engaging in various other criminal and illegal activities. King alleges that as a result of their actions, she has lost legal rights to make decisions regarding her own health care and her children, as well as suffered other psychological and physical abuse. Among other relief, King requests that the court: (1) restore her parental and healthcare rights; (2) prohibit defendants from contacting her and her children; and (3) enjoin defendants and their associates from engaging in further illegal activities.

Because King seeks leave to proceed without prepayment of fees and costs, the court must screen the proposed complaint under 28 U.S.C. § 1915(e)(2) to determine, among other things, whether she states "a claim on which relief may be granted." Because she is a

pro se litigant, King is entitled to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even giving King every benefit under this relaxed pleading standard, however, the alleged facts establish that this court lacks subject matter jurisdiction over her claims. Accordingly, her lawsuit must be dismissed.

Unlike the state courts in which Ms. King has apparently previously appeared, a federal district court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. The court does not have jurisdiction under 28 U.S.C. § 1331, as King has identified no federal claims in her complaint. Nor can this court discern one from the facts alleged. For example, King does not allege that any of the named defendants are governmental actors, nor that they acted under the color of state law, so she cannot bring claims against them under the United States Constitution; nor do her claims implicate any federal statute. Although King alleges that the defendants perpetrated terrible acts against her, any claims she may have against them arise under state law. And to the extent she is dissatisfied with decisions by state circuit courts, her remedy is to appeal them within the state system as well.

Similarly, while a federal court can generally resolve state law claims if there is jurisdiction under 28 U.S.C. § 1332, the court does not have jurisdiction over this case under § 1332, because King and the named defendants all live in Wisconsin. Specifically, King's complaint alleges that she lives in Madison, Wisconsin, and that defendants live in Madison, Black River Falls, and Wisconsin Dells.

Because this court lacks subject matter jurisdiction over King's claims, her complaint must be dismissed. If King wishes to pursue her claims, she must do so in state court or allege additional facts that would authorize this court to exercise its limited jurisdiction over this dispute.

ORDER

IT IS ORDERED that plaintiff Melissa Sue King's complaint is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to close this case.

Entered this 21st day of August, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge