IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELISSA SUE KING,

                Plaintiff,                      ORDER

     v.                                    15-cv-257-wmc

ALLEN "RICK" MCGRAW, *et al.*,

                Defendants.

---

On August 21, 2015, this court dismissed plaintiff Melissa Sue King's complaint against defendants Allen "Rick" McGraw, Wyleen McGraw, Lorna Garwood, Arnold D. Darnell, Janet M. Funmaker, and Barbara J. Funmaker for lack of subject matter jurisdiction. As the court explained in its August 21 order, while King's claims that defendants harmed her by dealing drugs, abusing her and her children, killing her pets, destroying her property, and engaging in various other criminal and illegal activities, could hardly be more serious or disturbing, none raise *federal* claims over which this court could exercise jurisdiction under 28 U.S.C. § 1331. Nor could the court exercise jurisdiction over the claims based on diversity of citizenship, 28 U.S.C. § 1332, as King alleges that all of the parties are citizens of Wisconsin.

King has now filed a motion for reconsideration (dkt. #10), as well as a motion for emergency injunctive relief (dkt. #14), asking the court to reinstate her lawsuit and to issue an injunction against various local government officials. In her latest motions, King

1

maintains that defendants have continued to harm her and that local government officials have colluded with defendants, judges and law enforcement to take her children from her and to issue restraining orders against her. Unfortunately for King, these allegations also fail to state a claim over which this court has subject matter jurisdiction. As the court explained to King previously, her allegations against the defendants, none of whom appear to be government actors, do not implicate any federal statute or constitutional provisions.

Nor do King's new allegations against local government officials enable this court to exercise subject matter jurisdiction over this case. Even if the court were to assume that King was attempting to amend her complaint to include claims against these local government officials, the court still lacks jurisdiction over the types of claims King is alleging. In particular, King appears to be challenging decisions relating to child custody, as well as court-issued restraining orders.[1]

This court simply cannot review those state court decisions. Child custody and visitation decisions fall within the area of family or domestic relations, which is exclusively governed by state law. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (*quoting In*

---

[1] To the extent King is attempting to raise other types of claims against state or local government officials, the court cannot discern from her filings (1) *who* she is intending to sue or (2) *what* her claims would be. Moreover, the allegations concerning state or local government officials that she has included in her various filings are not clearly related to the claims against the defendants named in her original complaint. If King wishes to sue governmental officials, she may want to file a new lawsuit clearly identifying the names of the government officials she wishes to sue, as well as the specific actions taken by each government official that she believes would support a federal legal claim for relief against them. She should not, however, again attempt to file documents asserting new claims against new defendants in this closed case.

*re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Indeed, federal courts *must* refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007).

Additionally, lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as a denial of visitation or a state-court-ordered injunction or restraining order. The *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Rather, litigants who feel that a state court proceeding has violated their federal rights must generally assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying Rocker-Feldman to a Wisconsin child-custody decision).

For these reasons, the court lacks subject matter jurisdiction over King's claims, and her motion for reconsideration and motion for injunctive relief must be denied.

ORDER

IT IS ORDERED that plaintiff Melissa Sue King's motion for reconsideration (dkt. #10), and motion for emergency injunctive relief (dkt. #14) are DENIED.

Entered this 10th day of May, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge